*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-0526**

Joshua William Muckala, petitioner,
Respondent,

vs.

Commissioner of Public Safety,
Appellant.

**Filed November 3, 2014
Reversed
Bjorkman, Judge**

Washington County District Court
File No. 82-CV-13-3061

Thomas W. Jakway, Woodbury, Minnesota (for respondent)

Lori Swanson, Attorney General, Kristi Nielsen, Assistant Attorney General, St. Paul, Minnesota (for appellant)

Considered and decided by Smith, Presiding Judge; Larkin, Judge; and Bjorkman, Judge.

**U N P U B L I S H E D   O P I N I O N**

**BJORKMAN**, Judge

Appellant commissioner challenges the district court's rescission of respondent's driver's license revocation, arguing that the exclusion of evidence of respondent's alcohol

concentration was inappropriate because he voluntarily consented to the breath test. We reverse.

**FACTS**

Early in the morning on May 7, 2013, respondent Joshua Muckala was arrested for driving while impaired. Police transported Muckala to the Washington County Jail, where the arresting officer read him the standard implied-consent advisory. Muckala indicated that he understood the advisory and did not wish to speak to an attorney, and agreed to take a breath test. The test revealed an alcohol concentration of 0.11. Based on that finding, appellant commissioner of public safety revoked Muckala's driver's license. Muckala petitioned for judicial review of the license revocation, asserting that the breath test constituted an unreasonable warrantless search not justified by exigent circumstances. The district court concluded that a warrant was required for the search, excluded the test results, and rescinded the license revocation. The commissioner appeals.

**D E C I S I O N**

Collection and testing of a person's blood, breath, or urine constitutes a search under the Fourth Amendment of the United States Constitution, requiring a warrant or an exception to the warrant requirement. *Skinner v. Ry. Labor Execs.' Ass'n*, 489 U.S. 602, 616-17, 109 S. Ct. 1402, 1412-13 (1989); *State v. Brooks*, 838 N.W.2d 563, 568 (Minn. 2013), *cert. denied*, 134 S. Ct. 1799 (2014). The dissipation of alcohol in the blood-stream is not an exigent circumstance that categorically allows for a warrantless search. *Missouri v. McNeely*, 133 S. Ct. 1552, 1561 (2013). But a warrantless search of a

2

person's blood, breath, or urine is valid if the person voluntarily consents to the search. *Brooks*, 838 N.W.2d at 568. The commissioner must establish by a preponderance of the evidence that the defendant freely and voluntarily consented. *See id.*

Whether a driver's consent is voluntary is determined by examining the "totality of the circumstances." *Id.* (quotation omitted). This court independently reviews the facts and determines, as a matter of law, whether the district court erred in suppressing the evidence. *State v. Harris*, 590 N.W.2d 90, 98 (Minn. 1999). Relevant circumstances include "'the nature of the encounter, the kind of person the defendant is, and what was said and how it was said.'" *Brooks*, 838 N.W.2d at 569 (quoting *State v. Dezso*, 512 N.W.2d 877, 880 (Minn. 1994)). The nature of the encounter includes how the police came to suspect the driver was driving under the influence, whether they read the driver the implied-consent advisory, and whether the driver had the right to speak with an attorney. *Id.* A driver's consent is not coerced simply because he or she faces criminal charges for refusing to submit to the test. *Id.* at 570.

The commissioner argues that Muckala voluntarily consented to the breath test. We agree. It is undisputed that there was probable cause to arrest Muckala for driving while impaired and that the officer followed all of the requirements when giving Muckala the implied-consent advisory. Unlike Brooks, Muckala chose not to consult an attorney, but he was aware of and had the opportunity to do so.

Muckala does not claim, and there is nothing in the record to indicate that the officer did anything to overcome Muckala's will or coerce his cooperation. Muckala was not confronted with repeated questioning or held in custody for an extended period of

3

time before being asked to take the breath test. He points only to the content of the implied-consent advisory as evidence of coercion, which our supreme court rejected as a matter of law in *Brooks*, 838 N.W.2d at 570. Under the totality of the circumstances, we conclude that Muckala's consent was voluntary, and the district court erred by rescinding the revocation of Muckala's license.

Muckala asserts that the warrantless search of his breath is nonetheless invalid because Minnesota's implied-consent law unconstitutionally conditions his privilege to drive on relinquishing his right to be free from unreasonable searches. We recently addressed this issue, holding that Minnesota's implied-consent statute does not violate the unconstitutional-conditions doctrine. *See Stevens v. Comm'r of Pub. Safety*, 850 N.W.2d 717, 724-31 (Minn. App. 2014) (identifying four reasons why the implied-consent law is not invalid under the doctrine of unconstitutional conditions). Muckala provides us with no reason to depart from *Stevens* in this case, and as such his constitutional challenge fails.

**Reversed.**